## 6711

## MANIGAULT v. LOFTON.

1. DEED—MORTGAGE.—One taking a deed to land with notice that his grantor held the legal title as a mortgage, the owner being still in possession, of which the purchaser had notice and claiming title, holds only a mortgage and the owner may redeem.

2. NOTICE.—Under the facts in this case the doctrine of *Sheorn* v. *Robinson,* 22 S. C., 32, as applied to the case, is not modified by Code 1902, 2457.

Before PURDY, J., Charleston, November, 1906. Affirmed.

Action by James Manigault against S. J. Lofton and H. M. Lofton. From decree in favor of plaintiff, defendants appeal.

*Messrs. Nathans & Sinkler,* for appellants, cite: *Evidence to show a deed is a mortgage must be clear:* 61 S. C., 579. *Rule applicable in setting aside a deed absolute on its face but alleged to be a mortgage:* 41 S. C., 163; 52 S. C., 54; 54 S. C., 184; 66 S. C., 85; 55 S. C., 70; 61 S. C., 398; 58 S. C., 398.

*Mr. W. St. J. Jervey,* contra, cites: *Owner being in possession was notice of his equitable title:* 22 S. C., 32.

November 28, 1907. The opinion of the Court was delivered by

MR. JUSTICE JONES. This action is brought to recover possession of the land described in the complaint, to have the deed under which defendant S. J. Lofton holds, declared to be a mortgage, to compel a reconveyance to plaintiff of the land upon satisfaction of the mortgage debt, and for damages. The decree of the Circuit Court was in favor of the plaintiff on all the issues, and defendants appeal mainly upon the questions of fact.

It appears that plaintiff went into possession of the premises under a deed of conveyance from C. Gillican, which was duly recorded August 24, 1884, and continued in possession until his ejectment by Lofton on May 5, 1904. In the year 1896, Manigault mortgaged the land to L. H. Rivers and, not being able to satisfy the same when due, executed a deed of conveyance to Rivers dated January 4, 1897, as security for the debt until November following. This deed was duly recorded. In November, 1897, Mr. H. T. Morrison agreed to take up Manigault's account with Rivers and received from Rivers the original mortgage by Manigault to Rivers and a deed of conveyance to the land bearing date December 6, 1897, which was also placed on record. Morrison carried the account, upon which small payments were made at intervals, for a time, when, wishing to have the claim settled, he placed the papers in the hands of Magistrate McClellan for collection. McClellan reported to him that Mr. Lofton had agreed to take up the papers if it was satisfactory to Morrison. Not long after that, on January 11, 1902, R. M. Lofton, brother and agent of S. J. Lofton, took a deed from Morrison to S. J. Lofton together with the other papers held by Morrison and paid up the account between Morrison and Manigault. The record further discloses that defendant S. J. Lofton admitted on cross-examination that he knew when he received title that Manigault was in possession of the property and claiming it. Mr. Morrison testified concerning the conveyance to Lofton, that he realized he was making a deed to Lofton but did not consider he was selling the land, that if the land had been his own he certainly would not have sold it for that price, that his purpose was to wind up his account with Manigault and that the matter was settled entirely by Manigault's account without any reference to the value of the land.

The Circuit Court found that the deed from Rivers to Morrison, though in the form of a deed of conveyance, was intended by the parties as a mortgage and that this was strongly supported by the positive testimony of Morrison

who disclaimed ownership of the property and charged up against the plaintiff Manigault the debt, interest and taxes on the land, which was inconsistent with the claim of ownership. He further found that the consideration of the deed from Morrison to defendant S. J. Lofton, $79.00, was ascertained by reference to the debt alone due Morrison by plaintiff, that the property was of far greater value than this sum and that the papers held by defendant were intended merely as security for the debt paid Morrison.

These conclusions are fully borne out by the testimony. Furthermore, it is clear from all the circumstances in the case that defendant S. J. Lofton had actual notice of Morrison's interest in the property as mortgagee. Having such notice, he could not take any greater interest than Morrison had.

In reaching his conclusion, the Circuit Court placed reliance on the case of *Sheorn* v. *Robinson,* 22 S. C., 32, 40, which held that open and unconcealed possession of land by one claiming the same is notice to would-be purchaser. From that case we quote the following language:

"It is the business of one who buys land, or attempts to secure a lien on land, to know the surroundings. In justice to his own interest, and certainly in justice to the interest of the party who has contracted to buy in advance of his purchase, and who is notoriously in possession, claiming and using it as his own, he should examine into and ascertain the facts. One in possession under an equitable title has nothing that he can record; and possession open and unconcealed, is the only mode by which he can give notice to the world of his rights; and when this notice is given in the only way in which it could be given, he should be protected."

It is contended, however, that the effect of *Sheon* v. *Robinson* was counteracted by the act of 1888, now appearing as section 2457, Civil Code, 1902, which provides:

"No possession of real property described in any instrument of writing required by law to be recorded shall operate

as notice of such instrument; and actual notice shall be deemed and held sufficient to supply the place of registration only when such notice is of the instrument or of its nature and purport."

We do not think that this statute affects the principle of *Sheorn* v. *Robinson* as appplied to the particular facts of this case.

The instrument under which Manigault claims was duly recorded, and it has been shown that Lofton had actual knowledge that Manigault was in possession claiming the property, as well as actual knowledge of the nature of the interest which his alleged grantor, Morrison, had in the premises.

Under these circumstances it is manifestly just to decree that Lofton holds the premises subject to the equitable right of Manigault to redeem.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.